September 19, 2006

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GRACIE BERRY, WIFE OF/AND                         CIVIL ACTION
JOHN BERRY

VERSUS                                            NO. 06-4922

ALLSTATE INSURANCE CO., ET AL.                    SECTION "A"(2)
```

**ORDER AND REASONS**

Before the Court is a **Motion to Remand (Rec. Doc. 7)** filed by plaintiffs Gracie Berry and John Berry.  Defendant Allstate Insurance Co. opposes the motion.  The motion, set for hearing on September 20, 2006, is before the Court on the briefs without oral argument.  For the reasons that follow, the motion is GRANTED and this suit is REMANDED to state court.

**I.    BACKGROUND**

Plaintiffs filed suit against their insurer Allstate for damages they allegedly sustained to their property during Hurricanes Katrina and/or Rita.  Plaintiffs claim that Allstate has refused to respond to their numerous telephone requests and to provide fair and adequate financial settlement of their valid claims of "severe damages."  (Pet. ¶ 5).  Plaintiffs seek reimbursement for "additional living expenses" and penalties and attorney's fees under state law.  (Id. ¶ 7).

Allstate removed the case to this Court asserting that removal is proper under the Multiparty, Multiforum Trial and Jurisdiction Act of 2002 ("MMTJA") because Hurricane Katrina constitutes an "accident" under that statutory scheme. Alternatively, Allstate removed the case alleging diversity jurisdiction.

Plaintiffs now move to remand the case to state court. Plaintiffs argue that Allstate has not met its burden of establishing that diversity jurisdiction is present.  Plaintiffs also argue that Hurricane Katrina is not an "accident" for purposes of the MMTJA.

**II.  DISCUSSION**

### *1. General Principles of Federal Jurisdiction*

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation.  Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996) (citing 1 J. Moore, Moore's Federal Practice § 0.71[1][5.–1] (1996)).  The parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived.  Id. (citing Fed.R.Civ.P. 12(h)(3); City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 76, 62 S. Ct. 15, 20, 86 L. Ed. 47 (1941)).  Accordingly, there is a presumption against subject matter jurisdiction in a federal court.  Id. (citing Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th

Cir. 1984); 1 J. Moore, Moore's Federal Practice § 0.71[5.-1] (1996)).

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper.  In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991).  In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law.  Id.  Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

### 2. *Diversity Jurisdiction*

Allstate contends that the case is properly in this Court based upon diversity jurisdiction.

In Luckett v. Delta Airlines, Inc., the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed.  171 F.3d 295, 298 (5th Cir. 1999).  In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a

3

preponderance of the evidence, that the amount in controversy exceeds $75,000.  Id. (citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)).  As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

Id. (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

In the instant case there is no disputing that the amount in controversy is not facially apparent from Plaintiff's petition. The petition gives no basis whatsoever upon which to ascertain even a ballpark figure for the amount in controversy.  A claim for penalties under Louisiana's Insurance Code and a high policy limit do not ipso facto render a case removable to federal court. Further, Allstate does not point to a single fact in controversy specific to this case that would allow the Court to properly make a determination on the amount in controversy.  Allstate has failed to meet its burden with respect to removal under diversity jurisdiction.

### 3. *Jurisdiction Under the MMTJA*

Allstate also argues that this Court has original jurisdiction over this case under 28 U.S.C. § 1369(a), or alternatively supplemental jurisdiction under 28 U.S.C. § 1441(e)(1)(B) because Allstate is a party to the Chehardy action

4

which is pending in Section K of this Court.

28 U.S.C. § 1369 provides in relevant part:

> The district courts shall have ***original*** jurisdiction of any civil action involving minimal diversity between adverse parties that arises from ***a single accident***, where at least 75 natural persons have died in the accident at a discrete location, if--
>
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3) substantial parts of the accident took place in different States.

28 U.S.C.A. § 1369(a) (West Supp. 2006) (emphasis added). The Act defines an "accident" as "a sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons." Id. § 1369(c)(4). Section 1369(a) confers original jurisdiction in federal court when its requirements are met. Id.; Wallace v. La. Citizens Prop. Ins. Corp., 444 F.3d 697, 702 (5th Cir. 2006). The original jurisdiction conferred by § 1369(a) is limited by the mandatory abstention requirements contained in subpart (b) of the statute. § 1369(b); Wallace, 444 F.3d at 702.

28 U.S.C. § 1441(e)(1) is a removal provision which allows a state court defendant to remove an action to federal court if:

> (A) the action could have been brought in a United States district court under section 1369 of this title; or
>
> (B) the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

28 U.S.C.A. § 1441(e)(1)(A), (B) (West 1994 & Supp. 2006). Section 1441(e)(1)(B) permits removal in those situations where original federal subject matter jurisdiction does not exist. <u>Wallace</u>, 444 F.3d at 702. When the requirements of § 1441(e)(1)(B) are met the defendant need not establish the existence of independent subject matter jurisdiction under any other provision because supplemental jurisdiction has been established. <u>Id.</u>

The MMTJA was designed to ameliorate the restrictions on the exercise of federal jurisdiction that ultimately forced parties in multiple suits arising from the same disaster to litigate in several fora. <u>Wallace</u>, 444 F.3d at 702. The ultimate goal of the MMTJA is consolidation. <u>Id.</u>

Turning now to the instant case it is clear to the Court that the MMTJA does not provide a basis for the Court to exercise jurisdiction over this case. First of all, the Court does not agree with Allstate's contention that Hurricane Katrina was an "accident" as that term is defined in the Act. Although it is undisputed that more than 75 persons died as a result of Hurricane

6

Katrina and its aftermath, the deaths did not occur from a single incident attributable to the storm or at a discrete location.  See Southall v. St. Paul Travelers Ins. Co., No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (Barbier, J.).  No court thus far has concluded that Katrina was an "accident" for purposes of § 1369(a), including the Fifth Circuit in Wallace, supra.[1]  Because Hurricane Katrina was not an "accident" as that term is defined in the MMTJA, this Court does not have original jurisdiction under that Act.  Consequently, Allstate cannot rely on § 1369(a) to support removal of this case.

Furthermore, the Court finds no merit to Allstate's argument that this Court can exercise supplemental jurisdiction over this case pursuant to § 1441(e)(1)(B) based on the fact that Allstate is a defendant in the Gladys Chehardy, et al. v. State Farm Fire & Casualty Co., et al. action which is pending in Section K of this Court under docket number 06-1672 c/w 05-4182.  Judge Polozola transferred Chehardy to this Court from the Middle District and in his transfer order he stated without reasons that he had jurisdiction under § 1369.  CA06-1672, Doc. No. 1.  However, as Judge Duval has recently recognized that the Chehardy action is

---

[1] In Flint v. La. Farm Bureau Mut. Ins. Co., No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006, and So. Athletic Club, LLC v. Hanover Ins. Co., No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006), Judges Duval and Lemmon also rejected the argument that Katrina was an "accident" for purposes of the MMTJA.

based upon damages resulting from the levee breaches in New Orleans in the aftermath of Katrina, and a levee break might very well be considered an "accident" arising from a natural event so as to trigger the provisions of the MMTJA.  Flint, 2006 WL 2375593, at * 2 n.4.  But the instant case makes no allegation about levee breaches and Allstate does not and cannot contend that this case would be suitable for consolidation with the levee breach cases currently pending in Section K.  See Southern Athletic Club, supra; Southall, supra.  Therefore, removal under 1441(e)(1)(B) is not proper either.

In sum, Allstate has failed to establish any basis upon which this Court can exercise jurisdiction over this matter.

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 7)** should be and is hereby **GRANTED.**  This matter is **REMANDED** to the 22nd Judicial District Court for the Parish of Washington pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

* * * * * * * *